**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WILLIAM O'CONNOR,

        Plaintiff,

v.                               Case No. 05-CV-74498-DT

TRANS UNION, LLC et al.,

        Defendants.

                                         /

**OPINION AND ORDER GRANTING DEFENDANT HARLEY-DAVIDSON'S
MOTION FOR SUMMARY JUDGMENT AND
DISMISSING DEFENDANTS TRANS UNION AND EQUIFAX**

Before the court is a Plaintiff who thought he had discovered a loophole in his financial paperwork large enough to fit his unpaid-for motorcycle through. On November 28, 2005, Plaintiff William O'Connor filed a fifteen-count complaint against Defendants Trans Union LLC ("Trans Union"), Equifax Information Services LLC ("Equifax") and Harley-Davidson Credit Corporation ("HDC") alleging various violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681, relating to an debt, alleged to be false, but actually owed by Plaintiff to HDC.  Plaintiff alleged that HDC furnished the "false debt" information to Trans Union and Equifax, who in turn reported that information on Plaintiff's credit report.  Plaintiff contended that Defendants violated the FCRA in the furnishing and reporting of allegedly false information, and in their investigation of Plaintiff's disputed debts.

Currently pending before the court are three motions for summary judgment, filed by each Defendant on July 10, 2006.  Plaintiff filed a response only to the motion filed by HDC, and both HDC and Trans Union filed replies.  Having reviewed the briefs, the

court concludes a hearing on the motions would be unnecessary.  *See* E.D. Mich. LR

7.1(e)(2).  For the reasons stated below, the court will grant Defendant's HDC's motion

for summary judgment and dismiss Defendants Trans Union and Equifax.

## I.  BACKGROUND

The following facts are undisputed.[1]  Plaintiff purchased a Harley Davidson

motorcycle on April 15, 2000 from a dealership in Nashville, Tennessee.  (HDC's

Statement of Facts, ¶ 1; Pl.'s Statement of Facts, ¶ 1.)  He financed the motorcycle with

a loan from HDC in the amount of $17,165.00.  (HDC's Ex. 2.)  Plaintiff made monthly

payments on the loan for approximately three of the required six years.  (HDC's Ex. 3 at

¶ 2.)

Plaintiff contacted HDC in approximately June of 2003, during which time he

contends a representative of HDC informed him that his loan was paid in full.  (HDC's

Statement of Facts, ¶ 4; Pl.'s Statement of Facts, ¶ 2.)  According to HDC's records,

when Plaintiff's son, also named William O'Connor, made a payment to HDC in the

amount of $7,983.23 it was mistakenly applied to Plaintiff's account, resulting in the

inaccurate appearance that Plaintiff's loan was paid in full.  (HDC's Ex. 3 at ¶ 3.)  HDC

sent Plaintiff a "refund" of his "overpayment" in the amount of $104.04 on August 10,

2003.  (HDC's Statement of Facts, ¶ 8; Pl.'s Statement of Facts, ¶ 3.)  At Plaintiff's

---

[1]The majority of the central facts were affirmatively admitted in Plaintiff's
response to HDC's summary judgment motion.  A few of the undisputed facts were set
forth in HDC's motion for summary judgment and not contested in Plaintiff's response
brief.  (*See* 2/13/06 Scheduling Order at 7 ("A fact not contested in the response is
deemed uncontroverted.").)  Moreover, given the admissions made by Plaintiff in his
deposition, there are few, if any, material facts which conceivably could be disputed.

request, HDC also sent Plaintiff a release of lien in July of 2003.  (HDC's Statement of Facts, ¶ 13; Pl.'s Statement of Facts, ¶ 6.)

Approximately one year later, HDC discovered its mistake, attempted to contact Plaintiff but, when that failed, charged off the loan as a bad debt and submitted information to the credit bureaus indicating that the loan account had been charged off. (HDC's Statement of Facts, ¶¶ 18-19, 21; Pl.'s Statement of Facts, ¶ 7.)  In approximately November of 2004, Plaintiff told an HDC representative that he would resume making monthly payments, making a first lump sum payment to HDC in the amount of $1,888.35.  (HDC's Statement of Facts, ¶ 23.)  He made periodic payments, in various amounts between November 2004 and January 2006, but has not made any payments since that date.  (HDC's Statement of Facts, ¶¶ 24-26.)

Plaintiff admits that, even when he requested the lien in July of 2003, he knew that HDC had made a mistake in their records and that his loan was not paid off.[2] (HDC's Ex. 1 at 43.)

## II.  STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is

---

[2]After he received the lien, Plaintiff immediately transferred the motorcycle to his wife.  (HDC's Ex. 1 at 48.)  The motorcycle was later sold to a third party for $14,000, which was deposited in Plaintiff's bank account.  (*Id.* at 22.)

appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The existence of some factual dispute, however, does not defeat a properly supported motion for summary judgment; the disputed factual issue must be material. *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict-'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'").

### III.  DISCUSSION

Plaintiff has chosen to oppose only HDC's motion for summary judgment.[3]  In its summary judgment motion, HDC asserts that there can be no violation of the FCRA where, as here, "HDC fully complied with the applicable provisions of the FCRA by (i) furnishing and verifying information that was accurate; (ii) conducting a reasonable investigation into O'Connor's dispute and (iii) responding to the appropriate credit

---

[3]Plaintiff's counsel informed the court, through staff, that he would not be opposing Trans Union's and Equifax's motions and that the parties had agreed to dismiss those two Defendants.  Although the court has not yet received a stipulation to that effect, in light of Plaintiff's counsel's representation the court will dismiss Defendants Trans Union and Equifax.  Moreover, the facts set forth in Trans Union and Equifax's motions conclusively establish that they cannot be held liable under the FCRA.  These facts, which are deemed uncontroverted, show that Trans Union and Equifax fulfilled all of their statutory duties regarding Plaintiff's debt, which Plaintiff has acknowledged he indeed owed.

reporting agencies and providing accurate information."  (HDC's Mot. Br. at 3.)  HDC contends that its investigation into Plaintiff's disputes was reasonable, *see Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005), and was completed within the required 30 days.  *See* 15 U.S.C. § 1681s-2(b)(2).  HDC also argues that the information which HDC furnished and which appeared on Plaintiff's credit report was "absolutely accurate," (HDC's Mot. Br. at 7), and there can be no liability when the information is accurate.  *See Cahlin v. General Motors Acceptance Corp.,* 936 F.2d 1151 (11th Cir. 1991); see also Dickens v. Trans Union Corp., 18 Fed. App'x 315, 318 (6th Cir. 2001).

In response, Plaintiff disputes neither the law or the facts supporting HDC's motion.  Rather, Plaintiff argues solely that Defendant should be equitably estopped from arguing that its internal accounting records showed that Plaintiff's loan had been charged off or that his loan payments were delinquent.  The court is not persuaded.

First, Plaintiff has not presented an equitable estoppel claim in his complaint, and, aside from a one-line request to amend his pleadings found in his response brief, Plaintiff has not moved for leave to amend his complaint.  Even if he had moved to amend, Plaintiff's motion would be denied.  Federal Rule of Civil Procedure 15 allows amendments when "justice so requires."  Fed. R. Civ. P. 15(a).  "In the decision whether to permit an amendment, some of the factors which may be considered by the trial court are undue 'delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.'"  *General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990) (citing *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d

5

479, 484 (6th Cir. 1973)).  Here, any motion to amend would be denied as untimely,

because Plaintiff has had ample opportunity to move to amend his complaint, but has

failed to do so.  Further, amending his complaint to add an equitable estoppel assertion

would be futile because such a claim could not withstand summary judgment.

"Equitable estoppel arises where a party, by representations, admissions, or

silence intentionally or negligently induces another party to believe facts, the other party

justifiably relies and acts on that belief, and the other party will be prejudiced if the first

party is allowed to deny the existence of those facts."  *Van v. Zahorik,* 597 N.W.2d 15,

22 (Mich. 1999) (citing *Soltis v. First of America Bank-Muskegon*, 513 N.W.2d 148

(Mich. Ct. App. 1994)).  In this case, there is no dispute that Plaintiff did not believe his

loan was actually paid off.  (*See* HDC's Ex. 1 at 41, 43-44, 194; HDC's Ex. 4 at

Response #10; Pl.'s Resp. at 6 ("Make no mistake, the Plaintiff did not believe that he

had paid off his loan . . . .").)  As explained by the Michigan Supreme Court:

> It may be stated as a general rule that it is essential to the application of
> the principle of equitable estoppel that the party claiming to have been
> influenced by the conduct or declarations of another, to his injury, was
> himself not only destitute of knowledge of the state of the facts, but was
> also destitute of any convenient and available means of acquiring such
> knowledge; and that, where the facts are known to both parties, or both
> have the same means of ascertaining the truth, there can be no estoppel.

*Rix v. O'Neil,* 113 N.W.2d 884, 887 (Mich. 1962) (quoting *Sheffield Car Co. v.*

*Constantine Hydraulic Co.*, 137 N.W. 305, 315 (Mich. 1912)).  Under these facts, where

Plaintiff does not contend that he actually believed his loan was paid off, Plaintiff could

not, and cannot, assert a claim for equitable estoppel.[4]

---

[4]Plaintiff appears to be attempting to draw some sort of distinction between
arguing that HDC should be equitably estopped from arguing that Plaintiff's loan was
paid off and that HDC should be equitably estopped from arguing that *its internal*

Inasmuch as Plaintiff has presented no viable legal theory to withstand HDC's motion for summary judgment, the court finds that the undisputed facts establish that HDC is entitled to summary judgment as a matter of law.  HDC's motion will be granted.

## IV.  CONCLUSION

IT IS ORDERED that Defendant Harley-Davidson Credit Corporation's "Motion for Summary Judgment" [Dkt. # 33] is GRANTED.  IT IS FURTHER ORDERED that Defendants Trans Union LLC and Equifax Information Services LLC are DISMISSED WITH PREJUDICE from this action.

A separate judgment will issue.

     S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 30, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 30, 2006, by electronic and/or ordinary mail.

     S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

---

*records showed* that Plaintiff's loan was paid off.  The court finds that this is a distinction without a difference under the FRCA and bears no impact on the court's analysis, especially given the fact that Plaintiff does not dispute that HDC's internal records must have contained an error.