UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM O'CONNOR,

    Plaintiff,

v.                                      Case No. 05-CV-74498-DT

TRANS UNION, LLC et al.,

    Defendants.
                                          /

**OPINION AND ORDER GRANTING IN PART DEFENDANT TRANS UNION'S "MOTION TO VACATE . . . ," AMENDING NOVEMBER 30, 2006 ORDER AND GRANTING TRANS UNION'S "MOTION FOR SUMMARY JUDGMENT"**

Pending before the court is Defendant Trans Union, LLC's ("Trans Union's") December 1, 2006 "Motion to Vacate . . . ." The matter has been fully briefed, and the court concludes a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant the motion in part and amend its November 30, 2006 "Opinion and Order." The court will also grant Trans Union's motion for summary judgment.

**I. BACKGROUND**

On November 28, 2005, Plaintiff William O'Connor filed a fifteen-count complaint against Defendants Trans Union, Equifax Information Services, LLC ("Equifax") and Harley-Davidson Credit Corporation ("HDC"), alleging various violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681, relating to a debt, alleged to be false, but actually owed by Plaintiff to HDC. Plaintiff alleged that HDC furnished the "false debt" information to Trans Union and Equifax, who in turn reported that information on Plaintiff's credit report. Plaintiff contended that Defendants violated the

FCRA in the furnishing and reporting of allegedly false information, and in their investigation of Plaintiff's disputed debts.

On July 10, 2006, each of the Defendants filed a motion for summary judgment. Shortly thereafter, Plaintiff's attorney withdrew and the case was stayed to allow Plaintiff time to find a substitute attorney and to allow that attorney to familiarize himself with the issues involved in the matter. In connection with the stay, the court granted Plaintiff an extension, until November 20, 2006, to file responses to Defendants' motions for summary judgment. On November 20, 2006, Plaintiff filed a response only to the motion filed by HDC. The court's staff contacted Plaintiff's attorney, who indicated that he would not be filing responses to the motions filed by Equifax and Trans Union. According to Plaintiff's counsel, he stated that he had agreed, or offered, to dismiss both Equifax and Trans Union. On November 27, 2006, both HDC and Trans Union filed replies in further support of their motions for summary judgment and, on November 29, 2007, a stipulation was entered to dismiss Equifax with prejudice.

On November 30, 2006, the court entered an order granting HDC's motion for summary judgment and dismissing Trans Union and Equifax with prejudice. Specifically, the court found that, despite Plaintiff's opposition, HDC was entitled to summary judgment on the merits. (11/30/06 Order at 4-7.) With respect to Trans Union and Equifax, the court found that Plaintiff had not opposed the motions for summary judgment and also noted that:

> Plaintiff's counsel informed the court, through staff, that he would not be opposing Trans Union's and Equifax's motions and that the parties had agreed to dismiss those two Defendants. Although the court has not yet received a stipulation to that effect, in light of Plaintiff's counsel's representation the court will dismiss Defendants Trans Union and Equifax. Moreover, the facts set forth in Trans Union and Equifax's motions

2

> conclusively establish that they cannot be held liable under the FCRA. These facts, which are deemed uncontroverted, show that Trans Union and Equifax fulfilled all of their statutory duties regarding Plaintiff's debt, which Plaintiff has acknowledged he indeed owed.

(11/30/06 Order at 4, n.3.) The court entered a judgment in favor of HDC and dismissed with prejudice Trans Union and Equifax.

On December 1, 2006, Trans Union filed the motion currently before the court, in which it asserts that Trans Union never agreed to a dismissal. (12/01/06 Motion at 4.) Trans Union requests that the court vacate its November 30, 2006 order and enter an opinion which grants summary judgment to Trans Union on the merits of its motion for summary judgment. Trans Union originally also sought sanctions for Plaintiff's counsel's alleged misrepresentation to the court's staff that the parties had agreed to a dismissal. (*Id.* at 1, 4.) Plaintiff responded to the motion to vacate, arguing that its counsel never stated that *Trans Union* had agreed to a dismissal, only that *Plaintiff* had agreed to dismiss Trans Union and Equifax. (12/06/06 Resp. at 3.) Plaintiff therefore argues that sanctions are not appropriate. Otherwise, Plaintiff provided no resistence to the remaining relief sought in Trans Union's motion to vacate. Trans Union filed a reply, in which it withdrew its request for sanctions and reiterated that the dismissal should be vacated and substituted with a summary judgment in Trans Union's favor.

## I. DISCUSSION

As an initial matter, the court accepts full responsibility for any misunderstandings associated with the November 20, 2006 telephone conversation between the court's staff and Plaintiff's counsel. There was obviously some misunderstanding between Plaintiff's counsel and staff or between staff and this judge. The court readily accepts Plaintiff's counsel's representation that he stated only that

*Plaintiff* had agreed to dismiss Trans Union and Equifax, not that the parties had agreed to a dismissal.  The court will therefore amend its November 30, 2006 to reflect this correction.

However, the court remains somewhat puzzled with Trans Union's insistence that the November 30, 2006 order and judgment *must* be vacated in order to prevent prejudice to Trans Union.  The court has conducted two telephone conferences with counsel in an attempt to understand Trans Union's position that an uncontested summary judgment award is more favorable than a dismissal with prejudice.  Trans Union argues that there is case law to suggest that it could not be deemed a "prevailing party" for fee-shifting purposes unless it has a summary judgment award.  Trans Union also argues that a summary judgment award will be more effective than a dismissal in deterring frivolous lawsuits in the future.  The court is not entirely persuaded by Trans Union's arguments,[1]   and sees little practical difference, in this case, between a dismissal with prejudice and an uncontested entry of summary judgment.

Nonetheless, the court recognizes that a "judgment" could perhaps be interpreted as more favorable than a "dismissal."  Further, after reviewing Plaintiff's response brief and after discussing the matter with the parties during the two telephone conferences, it

---

[1]The procedural posture of this case seems to the court similar to a case in which concurrence was sought before filing a summary judgment and, after reviewing the movant's arguments, concurrence was given by the opposing party.  *See* E.D. Mich. LR 7.1(a). In such a situation, a simple stipulation would be entered reflecting the parties' agreement.   It is true that Trans Union initially sought and was denied concurrence by Plaintiff's prior counsel, and thus had to prepare and file the summary judgment motion.  It is also true, however, motions are often partly or largely drafted before seeking concurrence.  Moreover, Plaintiff's current counsel effectively granted concurrence by not filing a response brief to the motion for summary judgment.

4

is clear to the court that no one opposes the entry of a summary judgment in Trans Union's favor.

Summary judgment is also appropriate given the fact that Plaintiff presented no opposition to Trans Union's motion for summary judgment. In its motion, Trans Union set forth the undisputed facts establishing that it was entitled it to judgment as a matter of law on all of Plaintiff's legal theories. Plaintiff provided no opposition to this motion, and indeed failed to even file a response. (*See* 2/13/06 Scheduling Order at 7 ("A fact not contested in the response is deemed uncontroverted.").) As the court stated in its November 30, 2006 order, "the facts set forth in Trans Union and Equifax's motions conclusively establish that they cannot be held liable under the FCRA. These facts, which are deemed uncontroverted, show that Trans Union and Equifax fulfilled all of their statutory duties regarding Plaintiff's debt, which Plaintiff has acknowledged he indeed owed." (11/30/06 Order at 4, n.3.) Moreover, as the court also remarked in its November 30, 2006 order, "given the admissions made by Plaintiff in his deposition, there are few, if any, material facts which conceivably could be disputed." (*Id.* at 2, n.1.) Thus, the court finds that Trans Union "has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, [and] entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court will therefore grant Trans Union's motion in part. The court will not vacate its November 30, 2006 order, but instead order that it be amended to reflect that

summary judgment is granted in favor of Trans Union.  The court will also issue an amended judgment.

### III.  CONCLUSION

IT IS ORDERED that Defendant Trans Union's December 1, 2006 "Motion to Vacate . . ." [Dkt. # 61] is GRANTED IN PART.  It is GRANTED in that the court's November 30, 2006 will be amended and an amended judgment will issue.  It is DENIED in all other respects.

IT IS FURTHER ORDERED that the court's November 30, 2006 order [Dkt. # 59] is AMENDED as follows.  Footnote three is amended to reflect that Plaintiff's counsel informed the court's staff that *Plaintiff* had agreed to dismiss Trans Union and Equifax, not that *the parties* had agreed to a dismissal.  The order is also amended to reflect that summary judgment is granted to Trans Union, rather than Trans Union is dismissed.

Finally, IT IS ORDERED that Trans Union's "Motion for Summary Judgment" [Dkt. # 35] is GRANTED.

An amended judgment will issue.

  S/Robert H. Cleland  
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 12, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 12, 2007, by electronic and/or ordinary mail.

  S/Lisa Wagner  
Case Manager and Deputy Clerk
(313) 234-5522