**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WILLIAM O'CONNOR,

       Plaintiff,

v.                                                         Case No. 05-CV-74498-DT

TRANS UNION, LLC et al.,

       Defendants.
                                                   /

**OPINION AND ORDER DENYING IN PART DEFENDANT'S
MOTION FOR ATTORNEY FEES AND REFERRING REMAINING ISSUES TO THE
MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS**

Pending before the court is Defendant Trans Union, LLC's ("Trans Union's") February 26, 2007 motion for attorney fees. For the reasons stated below, the court will deny the motion in part and refer the remaining, unresolved issues to the magistrate judge for further proceedings including a report and recommendation.

**I. BACKGROUND**

On November 28, 2005, Plaintiff William O'Connor represented by attorney Brian Parker filed a fifteen-count complaint against Defendants Trans Union, Equifax Information Services, LLC ("Equifax") and Harley-Davidson Credit Corporation ("HDC"), alleging various violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681, relating to a debt, alleged to be false, but actually owed by Plaintiff to HDC. Plaintiff alleged that HDC furnished the "false debt" information to Trans Union and Equifax, who in turn reported that information on Plaintiff's credit report. Plaintiff contended that Defendants violated the FCRA in the furnishing and reporting of allegedly false information, and in their investigation of Plaintiff's disputed debts.

On July 10, 2006, each of the Defendants filed a motion for summary judgment. Shortly thereafter, Plaintiff's attorney Parker moved to withdraw. The motion was granted and the case stayed to allow Plaintiff time to find a substitute attorney and to allow that attorney to familiarize himself with the issues involved in the matter. In connection with the stay, the court granted Plaintiff an extension, until November 20, 2006, to file responses to Defendants' motions for summary judgment. On November 20, 2006, Plaintiff, now represented by attorney Donald Bramledge, filed a response only to the motion filed by HDC. The court's staff contacted Plaintiff's attorney who indicated that he would not be filing responses to the motions filed by Equifax and Trans Union. According to Plaintiff's counsel, he stated that he had agreed, or offered, to dismiss both Equifax and Trans Union. On November 27, 2006, both HDC and Trans Union filed replies in further support of their motions for summary judgment and, on November 29, 2007, a stipulation was entered to dismiss Equifax with prejudice.

On November 30, 2006, the court entered an order granting HDC's motion for summary judgment and dismissing Trans Union and Equifax with prejudice. Specifically, the court found that, despite Plaintiff's opposition, HDC was entitled to summary judgment on the merits. (11/30/06 Order at 4-7.) With respect to Trans Union and Equifax, the court found that Plaintiff had not opposed the motions for summary judgment and also noted that:

> Plaintiff's counsel informed the court, through staff, that he would not be opposing Trans Union's and Equifax's motions and that the parties had agreed[1] to dismiss those two Defendants. Although the court has not yet

---

[1] As indicated in a later amended order, the court was mistaken as to an agreement fully reached among "the parties." Plaintiff's counsel had extended such an offer to agree.

2

received a stipulation to that effect, in light of Plaintiff's counsel's
representation the court will dismiss Defendants Trans Union and Equifax.
Moreover, the facts set forth in Trans Union and Equifax's motions
conclusively establish that they cannot be held liable under the FCRA.
These facts, which are deemed uncontroverted, show that Trans Union
and Equifax fulfilled all of their statutory duties regarding Plaintiff's debt,
which Plaintiff has acknowledged he indeed owed.

(11/30/06 Order at 4, n.3.) The court entered a judgment in favor of HDC and dismissed with prejudice Trans Union and Equifax. The order was subsequently amended, following Trans Union's motion, to reflect that summary judgment was granted to Trans Union, rather than Trans Union was dismissed. (2/12/07 Order.) In the February 12, 2007 order, the court held, in part, that:

> Summary judgment is also appropriate given the fact that Plaintiff
> presented no opposition to Trans Union's motion for summary judgment.
> In its motion, Trans Union set forth the undisputed facts establishing that it
> was entitled it to judgment as a matter of law on all of Plaintiff's legal
> theories. Plaintiff provided no opposition to this motion, and indeed failed
> to even file a response. (*See* 2/13/06 Scheduling Order at 7 ("A fact not
> contested in the response is deemed uncontroverted.").) As the court
> stated in its November 30, 2006 order, "the facts set forth in Trans Union
> and Equifax's motions conclusively establish that they cannot be held
> liable under the FCRA. These facts, which are deemed uncontroverted,
> show that Trans Union and Equifax fulfilled all of their statutory duties
> regarding Plaintiff's debt, which Plaintiff has acknowledged he indeed
> owed." (11/30/06 Order at 4, n.3.) Moreover, as the court also remarked
> in its November 30, 2006 order, "given the admissions made by Plaintiff in
> his deposition, there are few, if any, material facts which conceivably could
> be disputed." (*Id.* at 2, n.1.) Thus, the court finds that Trans Union "has
> carried its burden of showing that the pleadings, depositions, answers to
> interrogatories, admissions and affidavits in the record construed favorably
> to the non-moving party, do not raise a genuine issue of material fact for
> trial, [and] entry of summary judgment is appropriate." *Gutierrez v. Lynch*,
> 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477
> U.S. 317 (1986)).

*Id.* at 5.

Trans Union subsequently filed its motion for attorney fees against Plaintiff O'Connor, original attorney Parker and current attorney Bramledge. Responses were

filed by Plaintiff's former and current attorneys.

## II.  DISCUSSION

Trans Union brings its motion under 15 U.S.C. § 1681n(c), 15 U.S.C. § 1681o(b), 28 U.S.C. § 1927, asserting that Plaintiff and both of his attorneys knew that Plaintiff's lawsuit was frivolous and initiated or continued the lawsuit for an improper purpose.

Under the general American Rule, unless Congress provides otherwise, parties to litigation are to bear their own attorney fees.  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994) ("Unlike Britain where counsel fees are regularly awarded to the prevailing party, it is the general rule in this country that unless Congress provides otherwise, parties are to bear their own attorney's fees.").  Attorney fees are available, in certain circumstances, under 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b), which contain identical fee-shifting provisions.  Specifically, §§ 1681n(c) and 1681o(b) provide:

> Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party[2] attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

15 U.S.C. § 1681n(c); 15 U.S.C. § 1681o(b).

Reasonable costs and attorney fees are also available under 28 U.S.C. § 1927 when an attorney or party "so multiplies the proceedings in [a] case unreasonably and

---

[2]The court has no difficulty finding Trans Union to be a "prevailing party" under 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b), having been awarded summary judgment.  Under the facts of this case, the court similarly would have had no difficulty finding Trans Union to be a "prevailing party" under 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b) had Trans Union simply been dismissed, as originally contemplated in the November 30, 2006 order.  The court remains unconvinced that Trans Union's insistence on a summary judgment, rather than a dismissal with prejudice, materially changed its position for purposes of this motion.

4

vexatiously." 28 U.S.C. § 1927.  The Sixth Circuit has construed "unreasonably and vexatiously" to include conduct where "an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of non-frivolous claims."  *Jones v. Cont'l Corp.,* 789 F.2d 1225, 1232 (6th Cir. 1986).

> [T]he application of § 1927 is warranted when an attorney has engaged in some sort of conduct that, from an objective standpoint, "falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party."  *In re Ruben,* 825 F.2d 977, 984 (6th Cir. 1987), *cert. denied,* 485 U.S. 934, 108 S.Ct. 1108, 99 L.Ed.2d 269 (1988).  However, the attorney's misconduct, while not required to have been carried out in bad faith, must amount to more than simple inadvertence or negligence that has frustrated the trial judge.

*Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1049 (6th Cir. 1996).  However, "[a]n attorney [or party] is liable under § 1927 solely for excessive costs resulting from the violative conduct."  *Ridder v. City of Springfield,* 109 F.3d 288, 299 (6th Cir. 1997).

As an initial matter, Trans Union has failed to show that it is entitled to attorney fees due to any actions of Plaintiff's current attorney, Donald Bramlage.  Contrary to Trans Union's assertions, Mr. Bramlage, after appearing in this case late in the proceedings, did nothing to *unreasonably* prolong the litigation.  The extensions granted to Bramlage were reasonably necessary in order to allow him to get acquainted with the case and determine the best *possible* course of action for his clients.  His motion for discovery, although denied, was likewise not unreasonable and was clearly an attempt to zealously represent his client's interest within the confines of his ethical obligations under Federal Rule of Civil Procedure 11.  Moreover, his decision to not respond to Trans Union and Equifax's motions for summary judgment, but to instead offer a dismissal with prejudice, was not intended for any improper purpose.  The court is

5

simply not persuaded that Bramlage, who came to the litigation late and was in a somewhat difficult ethical position, conducted himself improperly. Sanctions are therefore not appropriately awarded against Bramlage.

The court is faced with a more difficult analysis concerning Plaintiff and his first attorney, Brian Parker. The court's limited interaction with Plaintiff, and a review of Plaintiff's deposition, could indicate that Plaintiff is not a sophisticated litigant. Plaintiff apparently has no experience with the Fair Credit Reporting Act or Fair Debt Collection Practices Act. (Pl.'s Dep. at 93.) Mr. Parker avers that Plaintiff "is a truck driver and on the road a lot" and that, consequently, the "lion share of [his] contact with Plaintiff came through Ms. Hannah Stellman [his wife]." (Parker's Resp. at 2.) Parker further states that "Ms. Stellman appears to be a strong presence in Mr. O'Connor's life and actions." (*Id.*) In Plaintiff's deposition he more than once denied knowledge of relevant events, indicating that Ms. Stellman would know, or should know, the answers.

It also seems that there may be a degree of contention between Trans Union's counsel and Parker, some of which may be based on prior dealings between counsel in another case or cases. There also seems to be a lingering spirit of discontent between Plaintiff and Parker. The relationship between Plaintiff and Parker does not appear to have been remediated in the months since Parker's withdrawal, and some of this attitude evinces itself in Parker's brief which can be read to say that Plaintiff is at fault for any improper pursuit of claims.

The court is *inclined* to agree with Trans Union that, even in the early stages, this case should have been abandoned, perhaps before the complaint was filed or at least shortly thereafter with the additional opportunity for client consultation that would have

6

been available before the answer was filed.[3] Plaintiff, Parker or both might be found to bear responsibility in that regard. Similarly, following the statements made by Plaintiff at his deposition, the inherent problems with Plaintiff's claim must have become even more clear. These inclinations of this court, however, cannot be read as a definitive holding because these issues can be fairly resolved only upon inquiry into the actions of Parker and Plaintiff. A hearing, at least, would be implicated; testimony, very likely, would be required. Given the court's interactions with Parker and Plaintiff related to Parker's earlier motion to withdraw from the case and certain *ex parte* communications which were attempted by Plaintiff just prior to Parker's motion,[4] the court finds that a magistrate judge's intervention may be particularly helpful in sorting out the relevant facts and offering a fresh perspective on these issues.

Accordingly, in the interests of efficiency, the court will refer the remaining issues in Trans Union's motion to a magistrate judge for hearing as he or she may deem necessary, and the preparation of a Report and Recommendation as to whether Parker, Plaintiff or both should be required to pay all or some portion of Trans Union's attorney fees under the authority cited by Trans Union in its motion.

---

[3] The complaint was filed on November 28, 2005 [Dkt. #1] and Trans Union filed its answer on December 27, 2005 [Dkt. # 7].

[4] Specifically, Plaintiff tendered to the court's staff a letter, intended for the court and accompanied by various documents, which the court did not review. Instead, the letter and documents were given to Parker and disclosed to opposing counsel during the proceedings related to Parker's motion to withdraw. The court later learned that Plaintiff asserted various complaints about certain actions that Parker allegedly undertook or avoided.

### III. CONCLUSION

IT IS ORDERED that Defendant Trans Union's February 26, 2007 motion for attorney fees [Dkt. # 70] is DENIED IN PART as to Donald Bramlage. By separate order, the court will refer the remainder of the motion, as it relates to Brian Parker and Plaintiff, to a magistrate judge, to be assigned, for further proceedings as stated herein.

        S/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated: May 24, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 24, 2007, by electronic and/or ordinary mail.

        S/Lisa Wagner  
        Case Manager and Deputy Clerk  
        (313) 234-5522